UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY KRUISE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-0543 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

Presently before the court are two Reports and Recommendations ("R&R's") from Judge Arbuckle dated September 8, 2022, and February 3, 2023. (Docs. 32 & 50, respectively). The September 2022 R&R, (Doc. 32), recommends that the defendants' motion to dismiss Plaintiff's amended complaint, (Doc. 18), be granted in part and denied in part, and that Plaintiff's January 16, 2022, motion to amend his complaint, (Doc. 25), be denied. Plaintiff filed objections to the report, (Doc. 36), objecting to Judge Arbuckle's recommendation that the court dismiss his retaliation (Count III) and due process (Count IV) claims. Defendants filed a brief in opposition to Plaintiff's objections, urging the court to adopt the recommendation of dismissal for those two counts. (Doc. 41). Defendants also filed their own

1

objections to the report, (Doc. 40), objecting to Judge Arbuckle's recommendation that the court allow Plaintiff's hostile work environment (Count II), disparate treatment (Count V), and failure to accommodate (Count I) claims to proceed. Plaintiff filed a brief in opposition to Defendants' objections, urging the court to adopt the recommendation that those claims proceed.

On January 27, 2023, this court issued an order holding the September 2022 R&R in abeyance and remanding this matter back to Judge Arbuckle for a decision regarding Plaintiff's August 28, 2022, motion to amend, (Doc. 30), which Plaintiff filed 11 days before the September 2022 R&R. Seeing no response from the defendants, Judge Arbuckle deemed Plaintiff's August 28 motion to amend unopposed and granted the same. (Doc. 48). In accordance with Judge Arbuckle's order, the Clerk of Court docketed Plaintiff's second amended complaint. (Doc. 49). The second amended complaint is virtually identical to the amended complaint, except that it adds a new claim under the Privacy Act (Count VI).

Next, Judge Arbuckle issued his February 2023 R&R, which recommended the defendants' motion to dismiss, (Doc. 18), be granted in part and denied in part for the same reasons set forth in his September 2022 R&R. In the lone departure from his September 2022 R&R, Judge

Arbuckle also recommended that Plaintiff's January 16 motion to amend be dismissed as moot given "the subsequent developments in this case"—*i.e.*, Judge Arbuckle's granting of Plaintiffs August 28 motion to amend.[1] The court finds no error in Judge Arbuckle's recommendation that Plaintiffs January 16 motion to amend, (Doc. 25), be dismissed as moot since Judge Arbuckle granted Plaintiff's August 28 motion to amend, and the court will **ADOPT** that recommendation.

Defendants object to the February 2023 R&R in part because "[Judge Arbuckle] should have allowed the Army to object to the filing of a Third Amended Complaint"—*i.e.*, Plaintiff's August 28 motion to amend, (Doc. 30). Defendants' objection is in reference to Judge Arbuckle's non-dispositive order granting Plaintiff's August 28 motion to amend. (Doc. 48). Review of that order is outside the scope of this court's review of the

---

[1] Both Plaintiff and the defendants filed objections to the February 2023 R&R, (Docs. 51 & 52, respectively), and Plaintiff responded to the defendants' objections, (Doc. 55). Plaintiff's objections are mostly repeats of his objections to the September 2022 R&R, except he attempts to add an additional objection to Judge Arbuckle's recommendation that his disparate treatment claim (Count V) be dismissed in part. Plaintiff did not object to this finding in the September 2022 R&R; thus, he waived this objection since the February 2023 R&R contains the same findings on this count as the September 2022 R&R. Regardless, Plaintiff's objection does not demonstrate error on the part of Judge Arbuckle's recommendation with respect to Count V, and the court will adopt the sound reasoning of Judge Arbuckle with respect to that claim.

February 2023 R&R, which only dealt with documents 18 (motion to dismiss) and 25 (January 16 motion to amend). The proper procedure for appealing a non-dispositive order from a magistrate judge can be found in Local Rule 72.2, "Appeals from Non-Dispositive Orders of Magistrate Judges." Defendants' concerns may be nonetheless alleviated by Judge Arbuckle following remand of this case for further case management if he determines that, in the interests of justice, Defendants should be given an opportunity to file a motion to dismiss Plaintiff's Privacy Act claim—the lone claim added to Plaintiff's second amended complaint which Defendants' previously-filed motion to dismiss did not and could not have addressed.[2]

Based on the court's review of the record, the court will **ADOPT IN ITS ENTIRETY** Judge Arbuckle's February 2023 R&R, and **NOT ADOPT as moot** the September 2022 R&R. The court will **GRANT in part and DENY in part** Defendants' motion to dismiss, (Doc. 18), as explained below, and **DISMISS as moot** Plaintiff's motion to amend, (Doc. 25), as explained above. Accordingly, convoluted procedural history aside, the procedure going forward rests on a neater foundation: Counts I through V

---

[2] The court, respectfully, believes it would be in the interests of justice to permit the defendants to file a motion to dismiss Plaintiff's Privacy Act claim within a reasonable time to be determined by Judge Arbuckle.

of Plaintiff's second amended complaint are dismissed in part, and Defendants may be given an opportunity on referral back to Judge Arbuckle to move to dismiss Count VI (Privacy Act) if they wish.

I. **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and

recommendation)). In any case, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Finally, since Judge Arbuckle states the appropriate standards for motions to dismiss and for Plaintiff's employment discrimination claims, the court will not fully repeat them herein, (*see* Docs. 32 & 50), except to reiterate that in deciding motions to dismiss the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d Cir. 2016) (internal citation omitted). And federal courts should be particularly liberal in construing *pro se* pleadings such as Plaintiff's amended complaint here. *See Erickson v. Pardus* 551 U.S. 89, 94 (2007).

II. **DISCUSSION**

At the outset, the court finds Judge Arbuckle did not err in applying Defendants' arguments made in their motion to dismiss Plaintiff's amended complaint to Plaintiff's virtually identical (except for the additional Privacy Act claim) second amended complaint. The court is within its discretion to consider a motion to dismiss as being addressed to a subsequently amended pleading, especially when the amended pleading is substantially similar to the original pleading, (*see* Doc. 50 at 10 n.21); the court finds the District Court for the District of Oregon's 1947 decision to the contrary unpersuasive, (*see* Doc. 52, Defendants' Objections) (citing *United States v. Shofner Iron & Steel Works*, 71 F.Supp. 161, 162 (D. Or. 1947)).

Finally, and most importantly, we turn to the substance of Defendants' motion to dismiss. In his report,[3] Judge Arbuckle organized the issues presented by Defendants' motion to dismiss accordingly: (1) whether Counts II and V of Plaintiff's amended complaint should be dismissed because of Plaintiff's failure to exhaust administrative remedies; (2) whether Count IV and Plaintiff's punitive damages claim should be

---

[3] References to Judge Arbuckle's "report" in the Discussion section of this Memorandum refer to the September 2022 R&R which contains the substantive reasons for which the February 2023 R&R recommends granting Defendants' motion to dismiss in part.

7

dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; (3) whether Count I should be dismissed as insufficiently plead; and (4) whether Count III should likewise be dismissed as insufficiently plead. The court will address Judge Arbuckle's findings for each issue and objections thereto in turn.[4]

### A. Counts II & V: Failure to Exhaust Administrative Remedies

To start, Judge Arbuckle's report addressed Defendants' argument that Plaintiff's hostile work environment claim (Count II) should be dismissed because Plaintiff did not initiate pre-complaint proceedings with the EEO within the required 45-day period and thus failed to exhaust administrative remedies. 29 C.F.R. §1614.105. Judge Arbuckle rejected this argument, explaining:

> Plaintiff does not allege when he initiated informal pre-complaint proceedings with the EEO counselor, or whether he complained about a hostile work environment when he did so. He alleges that he filed an EEO complaint, which I infer occurred *after* appropriate pre-complaint proceedings with the EEO counselor. He also alleges that the "MSPB accepted the claim of Hostile Work Environment for adjudication." (Doc. 15, ¶ 55). Accepting these allegations as true, and drawing all reasonable inferences in Plaintiff's favor, I find that Plaintiff has alleged enough facts in his amended complaint to plausibly allege exhaustion.

---

[4] To be clear, the court has reviewed and considered the entirety of the parties' objections to both the September 2022 R&R and the February 2023 R&R.

>Accordingly, I find that Plaintiff's hostile work environment claim should proceed at this stage.

(Doc. 32 at 26–27) (emphasis in original). Defendant Christine Wormuth, in her official capacity as the Secretary of the Army, objects to this finding, arguing that the evidence does not support Judge Arbuckle's inference that Plaintiff's initial pre-complaint contact with the EEO occurred before Plaintiff filed an EEO complaint and could therefore have been timely. Defendant points to Plaintiff's own statements in support of her objection, namely, Plaintiff's allegation that his last day of work was November 29, 2019; Plaintiff's statement in his Opposition to the motion to dismiss that he filed his claim with the EEO office on February 19, 2019; and "the self-authenticating EEO documents" which show Plaintiff did not make initial contact with the EEO until April 2, 2019. (Doc. 40 at 6–7).

The evidence cited by Defendant Wormuth does not demonstrate Judge Arbuckle clearly erred in drawing a reasonable inference in favor of Plaintiff that Plaintiff made initial contact with EEO in a timely fashion as required to exhaust administrative remedies. Even if the court were to consider the official EEO complaint at the motion to dismiss stage, the fact that the complaint suggests Plaintiff made initial contact with the EEO on

9

April 2, 2019, is not dispositive.[5] For example, as Judge Arbuckle explained, 29 C.F.R. §1614.105—the regulation requiring pre-complaint initiation with an EEO counselor within 45 days—further provides for an extension of the 45-day window under some circumstances:

> The agency or the Commissioner shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

(*See* Doc. 32 at 25). Moreover, as Judge Arbuckle highlighted, Plaintiff alleges, and Defendants concede, that the MSPB accepted Plaintiff's hostile work environment claims for adjudication in the face of the Army's argument that the claims had not been timely exhausted and were waived.

---

[5] Defendant Wormuth claims Judge Arbuckle erred in refusing to consider Plaintiff's official EEO complaint at the motion to dismiss stage. (See Doc. 40 at 7–8). It is true "a court *may* consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d1192, 1196 (3d Cir. 1993) (emphasis added). But Judge Arbuckle was well within his discretion in declining to consider the EEO complaint and other documents extraneous to the pleadings, and the court finds no error. Even considering the EEO complaint, however, Judge Arbuckle's findings regarding Counts II and V should and will be adopted.

Thus, it was reasonable for Judge Arbuckle at this stage to draw an inference in Plaintiff's favor that he timely initiated pre-complaint proceedings with the EEO and thereby exhausted administrative remedies. Whether there is competent record evidence to support a finding of exhaustion is a question more appropriately handled in a motion for summary judgment.

Next, Judge Arbuckle addressed Defendants' argument that the court should dismiss Count V because (1) Plaintiff did not raise specific allegations of racial discrimination during the initial counseling phase of the EEO process and (2) Plaintiff did not contact an EEO counselor within the 45-day window. Judge Arbuckle found that Plaintiff's allegations in Count V regarding disparate treatment arising from Plaintiff's termination should be permitted to proceed at this time, reasoning:

> Plaintiff alleges in his Amended Complaint that Plaintiff filed EEO complaints underlying this action on April 2, 2019. (Doc. 15, ¶ 3). He does not allege when he contacted the EEO counselor for informal pre-complaint proceedings or what he complained of. The issue of whether Plaintiff's disparate impact claim relating to his termination was adequately presented in those proceedings is a factual issue that may be more appropriately resolved at the summary judgment stage.

(Doc. 32 at 31). Defendant Wormuth objects to this finding, arguing that Plaintiff "did not include his termination in Count V," and "even if [Plaintiff]

11

did allege improper termination in Count V," it should be dismissed for the same reasons Defendant argues Plaintiff's Rehabilitation Act termination claim fails. The court will overrule Defendant's objections because, while the paragraphs under Count V of the amended complaint do not specifically mention Plaintiff's termination, the amended complaint incorporates the preceding one hundred paragraphs which do mention termination. (*See* Doc. 15, ¶103). Moreover, as explained below, Judge Arbuckle correctly found that Plaintiff's Rehabilitation Act termination claim should proceed at this stage.

### B. Count IV: Lack of Jurisdiction for Plaintiff's *Bivens* Claim

Judge Arbuckle's report turned next to Plaintiff's due process claim in Count IV of his amended complaint. In Count IV, Plaintiff asserts a Fifth Amendment due process claim against a federal agency (Department of the Army), the United States, and a federal official in her official capacity (Christine Wormuth). Judge Arbuckle found that the court lacks jurisdiction over this claim, explaining:

> Although Congress established a damages remedy under 42 U.S.C. §1983 against state officials for violations of the federal constitution, it did not create an analogous statute for damages against federal officials. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, however, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a

> citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017). Count IV of the first amended complaint is construed as a *Bivens* claim.

(Doc. 32 at 35–36). Construing Count IV as a *Bivens* claim, Judge Arbuckle proceeded to find the claim barred by sovereign immunity:

> "[S]overeign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity." *Landis v. Wilson*, 1:19-CV-1301, 2021 WL 4502234 at *6 (M.D. Pa. Sept. 30, 2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). It is well established that Congress has not waived this immunity for *Bivens* claims asserted against the United States or its agencies (i.e., the Army). *See e.g. Wilson v. Pallman*, No. 09-787, 2009 WL 2448577 at *4 (E.D. Pa. Aug 7, 2009) (holding that a plaintiff could not bring a *Bivens* claim against the United States because it has not waived its sovereign immunity to lawsuits making constitutional claims in the employment context); *Drabick v. Sebelius*, No. 1:10-CV-1841, 2012 WL 2411658 at *4 (M.D. Pa. June 26, 2012) (dismissing §1983 and *Bivens* type claim against the Army based on sovereign immunity). Because Congress has not waived sovereign immunity, this Court does not have jurisdiction over Plaintiff's *Bivens* claims. Accordingly, Plaintiff's *Bivens* claims against the United States and the Army should be dismissed.
>
> As to Defendant Wormuth, Plaintiff has sued the secretary of the army in her official capacity. "An action against government officials in their official capacity constitutes an action against the United States." *Lewal v. Ali*, 289 F.App'x 515, 516 (3d Cir. 2008). Thus, the claim against Defendant Wormuth is also barred by sovereign immunity and should be dismissed because this Court lacks jurisdiction.

13

(Doc. 32 at 36–37). Plaintiff objects to this finding, arguing Judge Arbuckle incorrectly construed his due process claim as a *Bivens* claim. Plaintiff says his claim is a procedural due process claim, and he goes on to list the various alleged due process violations committed by the defendants. But Judge Arbuckle correctly (even charitably) construed Plaintiff's due process claim as a *Bivens* claim, since *Bivens* is the vehicle by which an individual may bring a cause of action for damages for certain constitutional violations by federal agents. *See Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court first implied a private right of action for damages for a deprivation of constitutional rights by federal officers in *Bivens*[.]"). Thus, construing Plaintiff's due process claim in Count IV as a *Bivens* claim is the only avenue by which the claim could survive a motion to dismiss; however, as Judge Arbuckle correctly found, Plaintiff's claim fails because he has not alleged a proper *Bivens* defendant. The defendants that Plaintiff names are covered by sovereign immunity. *See Landis* 2021 WL 4502234 at *6 (citing *Meyer*, 510 U.S. at 475). Therefore, the court will overrule Plaintiff's objection.

### C. Count I: Plaintiff's Claim for Failure to Accommodate

Judge Arbuckle's report turned next to Plaintiff's claim in Count I under the Rehabilitation Act of failure to accommodate. The report

14

recommends the court allow Plaintiff's claim in Count I to proceed, rejecting Defendants' argument that Plaintiff has not plead sufficient facts to survive a motion to dismiss. In recommending the court deny dismissal of Count I, Judge Arbuckle pointed to three sets of facts alleged in Plaintiff's complaint:

> First, Plaintiff alleges that he has a disability (depression), and was perceived by his co-workers as suffering from some sort of mental illness that made him hostile, uneasy, and unstable. Second, Plaintiff alleges that he is qualified to perform his job with or without reasonable accommodation. He also alleges facts that show he requested, and was granted, a temporary accommodation. Specifically, Plaintiff alleges that he was assigned to a private cubicle for a period of time and was directed to "provide satisfactory medical documentation 'an explanation of the medical basis for any conclusion that you will likely become ill, or harm yourself or others by carrying out the duties of your position of an IT Specialist (Customer Support), including your ability to work around your co-workers.'" (Doc. 15, ¶ 16). Third, Plaintiff alleges that he was terminated from his employment several months after he was moved out of his private cubicle into a community work setting where he had multiple conflicts with co-workers. Accordingly, I find that Plaintiff has provided enough factual information for his rehabilitation act claim to proceed at this early stage of litigation.

(Doc. 32 at 46). Defendant Wormuth objects to this finding, arguing—as she did before Judge Arbuckle—Plaintiff failed to plead sufficient facts to state a plausible claim of discrimination. While Defendant Wormuth may disagree with Judge Arbuckle's finding, her objection does not demonstrate that Judge Arbuckle erred in recommending Count I proceed. Defendant Wormuth urges this court to "not adopt [the report's] analysis, but rather

15

look to its own recent authority in *Mastrella v. DeJoy*, No. 1:20-CV-1037, 2021 WL 5396076, at *5 (M.D. Pa. Nov. 18, 2021), where it found that when a plaintiff pleads no facts to substantiate his discrimination claim, the Court will dismiss that claim." (Doc. 40 at 9). However, *Mastrella* underscores the adequacy of Plaintiff's pleading at the motion to dismiss stage when his complaint is contrasted with the complaint in *Mastrella*. "Mastrella plead[ed] no facts to substantiate his discrimination claim. His amended complaint offer[ed] only one passive and conclusory averment on the subject, viz.: 'It is believed that this failure to [increase Mastrella's salary] was motivated by discrimination ... against [Mastrella] due to his ... disability.'" *Id.* Plaintiff's claim on the other hand contains much more than "only one passive and conclusory averment," as Judge Arbuckle's report pointed out. Whether the evidence demonstrates Plaintiff was terminated or discriminated against because of his disability, or whether he was actually terminated for his alleged misconduct, as Defendant Wormuth avers, is a factual question more appropriately dealt with in a summary judgment motion. Judge Arbuckle did not err in recommending Count I proceed based on the specific factual allegations in Plaintiff's complaint; the court will thus overrule Defendant's objection.

**D. Count III: Plaintiff's Insufficiently Pled Claim of Retaliation**

Finally, Judge Arbuckle's report turned to Plaintiff's claim for retaliation in Count III under Title VII and the Rehabilitation Act. Defendants argued in their motion to dismiss that Plaintiff did not plead enough facts to show a causal connection between his August 2018 EEO complaint and March 20, 2019, removal from service as required to state a claim of retaliation. Judge Arbuckle agreed, explaining first that the time between the protected conduct and adverse employment action was not unusually suggestive to demonstrate a causal link:

> Based on the allegations in the amended complaint, approximately three months passed between the date Plaintiff filed the August 2018 EEO complaint and the date Plaintiff was placed on leave. Approximately seven months passed between the date Plaintiff filed his August 2018 EEO complaint and the date he was removed from service. The three to seven month period of time is not an unusually suggestive temporal proximity. *See e.g. Blakney v. City of Phila*, No. 12- 6300, 2013 WL 2411409 at *4 (E.D. Pa. June 4, 2013) (collecting cases that suggest a period of several months is not unusually suggestive temporal proximity).

(Doc. 32 at 57). Judge Arbuckle continued, finding Plaintiff did not otherwise link the adverse employment action with his protected conduct to state a claim for retaliation:

> "[I]n cases where temporal proximity is not 'unusually suggestive' of retaliatory motive, the Third Circuit has demanded further evidence to substantiate a causal connection." *Id.* at 4 (quoting

> *McCloud v. United Parcel Serv. Inc.*, 543 F.Supp.2d 391, 401-02 (E.D. Pa. 2008)). "Such other evidence may include, but is not limited to, a 'pattern of antagonism' by the employer that could link the adverse action with Plaintiff's complaint." *Id.* Plaintiff argues that he has pleaded the "link" based on his allegation that some of the individuals who investigated the August 2018 EEO complaint were also involved in the investigation of the complaints filed against Plaintiff that resulted in Plaintiff's removal. It does not appear that any of the individuals doing the investigating were involved in the allegedly inappropriate re-promotion Plaintiff wrote about in the August 2018 EEO complaint or in the November 2018 incident that resulted in Plaintiff's removal from service. Accordingly, I find that Plaintiff has failed to plead enough facts to meet the third element of his retaliation claim in Count III. Therefore, Count III of the amended complaint should be dismissed.

(Doc. 32 at 57–58).

Plaintiff objects to this finding, arguing he did plead sufficient facts to state a claim for retaliation in Count III. In his objections, Plaintiff largely repeats his allegations made in his amended complaint and his arguments made in his opposition to Defendants' motion to dismiss. Judge Arbuckle considered these allegations and arguments, and the court finds no error in Judge Arbuckle's analysis and conclusion with regard to Count III. Plaintiff has not sufficiently pled facts of a causal link between the adverse employment action and his protected activities to state a plausible retaliation claim. Therefore, the court will overrule Plaintiff's objection and adopt Judge Arbuckle's recommendation of dismissal of Count III.

   III.    CONCLUSION

   The court has reviewed the February 2023 R&R of Judge Arbuckle recommending the court grant in part and deny in part Defendants' motion to dismiss, and recommending the court dismiss as moot Plaintiff's motion to amend. Because the court agrees with the sound reasoning that led Judge Arbuckle to the conclusion in his report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **GRANT** Defendants' motion to dismiss Plaintiff's claims for retaliation, due process, discrimination related to incidents that occurred in 2014 and 2015, and punitive damages. (Doc. 18). Those claims will be **DISMISSED with prejudice** in light of the Plaintiff's repeated, unsuccessful attempts at curing the stated defects. The court will **DENY** Defendants' motion to dismiss Plaintiff's remaining claims. The court will **DISMISS AS MOOT** Plaintiff's motion to amend. (Doc. 25). An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 28, 2023**
21-543-01