IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAY KRUISE,** | : | Civ. No. 3:21-CV-543 |
| | : | |
| Plaintiff, | : | (Judge Saporito) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| **U.S. DEP'T OF ARMY, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### I. Factual and Procedural Background

This workplace disability discrimination case comes before us for resolution of a motion to compel. (Doc. 129). With respect to this discovery dispute, as this court has previously explained: "Jay Kruise ('Plaintiff') initiated this employment discrimination action against the United States Department of the Army and its Secretary, alleging that his March 2019 termination was the result of racial and disability-based discrimination, and that he was subjected to a hostile work environment." (Doc. 97 at 1).

As part of the on-going and occasionally contentious discovery in this case, Kruise is demanding that the defendant produce the appendices to what is now reportedly an outdated policy statement called, CECOM Standard Operating Procedure – Procedures for Submitting and Processing a Request for Reasonable

Accommodation for Individuals with Disabilities. (Doc. 129). The defendant has responded to this request with a twofold argument: (1) asserting that a thorough search has been unable to locate the appendices to this outdated policy statement; and (2) contending that this policy related to an earlier workplace dispute which was resolved through a settlement agreement, therefore the policy is no longer discoverable.

This motion is fully briefed and is therefore ripe for resolution. Upon consideration of the parties' positions, for the reasons set forth below, DENY the motion since we cannot compel the production of documents which no longer exist.[1]

## II.   Discussion

The parties' discovery dispute regarding the production of documents which can no longer be found is judged against familiar legal guideposts. As we have observed when addressing similar discovery issues:

> Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:
>
> > District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997).

---

[1] Accepting this representation that the appendices no longer exist, we do not need to address the Army's relevance objection.

> When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

3

> discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits.... Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Accordingly, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.' "

4

Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

Lawson v. Love's Travel Stops & Country Stores, Inc., No. 1:17-CV-1266, 2020 WL 109654, at *2–3 (M.D. Pa. Jan. 9, 2020).

Further:

One other immutable factor governs the scope of discovery under Rule 26.

> "It is an obvious truism that a court should not enter an order compelling a party to produce documents where the documents do not exist." Wells v. JPC Equestrian, Inc., No. 3:13-CV-2575, 2014 WL 5641305, at *4 (M.D. Pa. Nov. 4, 2014). It is clear, therefore, that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009). See Lawson v. Love's Travel Stops & Country Stores, Inc., No. 1:17-CV-1266, 2019 WL 5622453, at *4 (M.D. Pa. Oct. 31, 2019).

Lopez v. Wetzel, No. 3:21-CV-1819, 2024 WL 2055041, at *4 (M.D. Pa. May 6, 2024).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the

5

party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

In the instant case, the defendant has produced the allegedly outdated policy at issue but attests that the appendices to that discontinued policy no longer exist. Since "a court should not enter an order compelling a party to produce documents where the documents do not exist," Wells v. JPC Equestrian, Inc., No. 3:13-CV-2575, 2014 WL 5641305, at *4 (M.D. Pa. Nov. 4, 2014), we will remind the defendant of its ongoing duty to supplement discovery but will DENY the motion to compel that which cannot be found.

An appropriate order follows.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

DATED: September 25, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAY KRUISE,** | : Civ. No. 3:21-CV-543 |
| | : |
| **Plaintiff,** | : (Judge Saporito) |
| | : |
| v. | : |
| | : (Magistrate Judge Carlson) |
| | : |
| **U.S. DEP'T OF ARMY, et al.,** | : |
| | : |
| **Defendants.** | : |

## **ORDER**

AND NOW, this 25th day of September 2025, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel (Doc. 129) is DENIED, in light of the representation that the appendices to what is now reportedly an outdated policy statement called, CECOM Standard Operating Procedure – Procedures for Submitting and Processing a Request for Reasonable Accommodation for Individuals with Disabilities no longer exist.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge